Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

DOCKETED ON CM

NOV 15 2006

BY ____ 051

| Case No. | CV 05-7608-JTL | Date | November 15, 2006 |
|---|---|---|---|

Title   SUZY A. MARTINEZ, ET AL. v. CALIFORNIA INVESTORS XII, ET AL.

Present: The Honorable   Jennifer T. Lum, United States Magistrate Judge

| Debra Plato | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

Proceedings:   (In Chambers) ORDER RE: DISPUTED DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

On October 17, 2006, plaintiffs Suzy Martinez and her minor children and defendant FPI Management, Inc. ("defendant FPI") filed a Joint Stipulation Concerning Disputed Discovery and Protective Order. Thereafter, on October 31, 2006, plaintiffs filed an Application for Leave to File Supplemental Memorandum, which the Court granted on October 31, 2006. The Court, having taken this matter under submission, and having reviewed all the pleadings filed in this matter and the declarations and exhibits filed in support of and in opposition to defendant FPI's motion for protective order, issues the following ruling:

At issue in this discovery dispute are three interrogatories and three requests for production of documents that plaintiffs served on defendant FPI as part of their First Set of Interrogatories and First Request for Production of Documents. The six discovery requests at issue revolve around (1) the complete tenant files of all the tenants who resided in Meridian Apartments from January 1, 2003, until May 31, 2004 and (2) information and documents relating to the financial condition of defendant FPI, including its net worth, income, and gross revenues. Plaintiffs, who are African-American, allege that while they were tenants in the apartment complex other tenants in their building harassed and intimidated them on account of their race and defendants took no action to stop the harassment. Plaintiff also contend that defendants, themselves, treated plaintiffs differently on account of their race and that they were denied equal access to and use of various recreational facilities, including the pool, Jacuzzi, and courtyard area for racial reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## Document Request No. 1:

In this Request, plaintiffs seek a complete copy of all documents maintained for each tenant or resident who resided in the Meridian Apartments from January 1, 2003 to May 31, 2004, including a copy of all tenant or resident files, and file folders kept in the ordinary course of business containing leases or rental agreements, receipts, applications, security deposits, notices of lease violation, termination of tenancy or eviction, complaints, notes, correspondence, and communications.

Defendant FPI claims that it has already produced the names, unit numbers, and dates of occupancy of all tenants of the Meridian Apartments during the period of time that plaintiffs resided there, as well as complaints of racial harassment or racial discrimination with respect to use of the property. Furthermore, defendant FPI claims that it has already identified eight witnesses aside from plaintiffs who may have knowledge of the allegations in its Initial Disclosures. With respect to the tenant list, defendant assert that plaintiffs have been improperly using the tenant list produced by defendant FPI to recruit additional plaintiffs for their lawsuit. Moreover, the tenant files consist of over 70,000 pages of documents, which contain confidential information such as social security numbers, credit checks, and other information that is wholly irrelevant to the claims in this case. (Joint Stip. at 8-9). Defendant, therefore, seeks a protective order as to all the tenant files from January 1, 2003 until May 31, 2004.

Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action." Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 603-04. Moreover, "[r]elevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998); Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial.").

But federal courts also recognize a general right of privacy that can be raised in response to discovery requests. See Johnson by Johnson v. Thompson, (10th Cir. 1992). But, unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. Ragge, 165 F.R.D. at 604. In Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998), the court noted that in a federal action based on diversity of citizenship jurisdiction, state law governs privilege claims. [Cites omitted.] "To the extent privacy is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery." Oakes, 179 F.R.D. at 284 (citing Schwarzer, Tashima & Wagstaffe, Califoria Practice Guide: Federal Civil Procedure Before Trial, § 11:77 (1996 revised)). It is not an absolute right, but a right subject to invasion depending upon the circumstances. Id. Moreover, courts have frequently found that a party's need for the information may outweigh whatever privacy rights, if any, another party may have. Id.

Rule 26(c) of the Federal Rules of Civil Procedure provides that: "[u]pon motion by a party or by the person from whom discovery is sought, . . . the court . . . may make any order which justices requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The protective order may specify "terms and conditions" of disclosure or discovery, limit the "scope of disclosure or discovery," and/or protect "a trade secret or other confidential research, development, or commercial information : . . ." See Fed. R. Civ. P. 26(c). There is, however, a strong presumption toward public disclosure of court files and documents. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002); San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) authorizes a district court to override this presumption only where "good cause" is shown. Phillips, 307 F.3d at 1210. For good cause to exist, the party seeking confidentiality bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. Foltz, 331 F.3d at 1130 (citing Phillips, 307 F.3d at 1210-11). Establishing good cause requires a party to present a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil v. Bernard, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); see also Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir.) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986), cert. denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992)). Even if a court finds that particularized harm will result from the disclosure of information to the public, it must then balance the public and private interests to decide whether a protective order is necessary. Phillips, 307 F.3d at 1211.

Here, the Court finds that defendant FPI has established good cause to warrant a protective order. Defendant has already provided to plaintiffs a list of the names of all the tenants who resided at Meridian Apartments during the period of time plaintiffs resided there, which was from September 3, 2003, until May 3, 2004 (see Joint Stip. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

7), as well as their unit numbers and dates of occupancy. Plaintiffs are also entitled to any documents regarding any any complaints of harassment or discrimination that the tenants made during the time they resided at Meridian Apartments. Defendant contends it has produced documents or information regarding complaints of racial harassment or racial discrimination that have been made regarding use of the property. (Joint Stip. at 8). To the extent defendant has limited the nature of the complaints to "use of the property," defendant must produce documents regarding any complaints that tenants made regarding harassment or discrimination. Defendant FPI also claims that it has already identified eight witnesses who may have knowledge of the allegations in this case.

Plaintiffs do not dispute the foregoing and, in fact, plaintiffs do not contend that they have been unable to locate the tenants whose names defendant FPI has provided them. In fact, based upon the declarations submitted by Sylvia Torres, Mary Jacka, Bernadette Ruiz, and Josefa Valdez, it appears that plaintiffs have been able to obtain current contact information for the tenants for purposes of interviewing them.[1] Plaintiffs make two arguments as to why they need to obtain the complete tenant files. First, (1) the tenant files are the best source of information to identify former and present tenants and (2) the documents themselves may establish discrimination or may lead to evidence of harassment and intimidation, or other violations of federal and state law alleged by plaintiffs. (Joint Stip. at 14). But plaintiffs do not sufficiently explain how the tenants' applications, their personal financial information, including information related to Section 8 HUD applications, and other personal confidential information that would be in each tenant's file are relevant to plaintiffs' claims. As discussed above, it appears that plaintiffs have been able to locate former and present tenants, and plaintiffs do not claim to the contrary. As for the second reason, the argument that the documents may contain evidence of discrimination is based on pure speculation. Moreover, plaintiffs do not cite to any information that suggests plaintiffs would find any evidence of discrimination in reviewing each tenant's file that plaintiffs could not obtain from interviewing the tenants directly or from reviewing any evidence of complaints that have already been produced by defendant FPI.

Plaintiffs cite numerous cases in support of their claim that they should be able to review all the tenant applications. See Jordan V. Dellway Villa of Tenn., Ltd., 661 F.2d 588 (6th Cir. 1981); Marable v. H. Walker & Assoc., 644 F.2d 390, 396 (5th Cir. 1981);

---

[1] Defendant FPI filed Objections to the Declarations of Sylvia Torres and Mary Jacka and cited to Federal Rules of Evidence 402, 701, and Local Rule 37-2.3. The Court finds that defendant's objections are not well-taken and the objections are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Smith v. Sol D. Adler Realty Co., 436 F.2d 344, 347 (7th Cir. 1970). But those cases involved actions based on the defendant landlords' allegedly racially discriminatory tenant selection practices. Here, plaintiffs do not alleged that they were not selected as tenants based on racial animus. Moreover, plaintiffs argue the importance of obtaining tenant identities in housing discrimination cases. Here, defendant has provided the identities of the tenants to plaintiffs.

For the foregoing, defendant FPI's Motion for Protective Order is GRANTED as to Request No. 1. Defendant is, however, ordered to supplement its disclosure and provide to plaintiffs each tenant's last known address or other contact information. The information shall be subject to a protective order and shall be disclosed to plaintiffs' attorneys only.

Document Request Nos. 13 and 14 and Interrogatory Nos. 9 and 11:

In Document Request Nos. 13 and 14 plaintiffs seek all documents relating to (1) defendant's net worth, including financial statements, profit and loss statements, bank statements, and loan applications from 2002 to the present and (2) gross revenues, expenses, and profits and losses incurred by Meridian Apartments for the years 2002 to the present. The interrogatories seek information regarding the current net worth of each defendant for the years 2002 to the present, the assets and liabilities of the defendants in excess of $5000, and the source and amount of income defendant received from 2002 to the present.

Defendant FPI does not dispute the relevancy of the financial information in light of plaintiffs' claim for punitive damages, but argues that the information that plaintiffs seek is premature. (Joint Stip. at 21). Defendant FPI requests that the Court bifurcate the issue of punitive damages and postpone discovery on this issue until a later date.

Evidence of the net worth of a defendant is crucial to the issue of punitive damages. See Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998) ("While a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order." (Cite omitted)). Defendant FPI also cites to California Civil Code Section 3295(c), which provides that pretrial discovery of financial information may not be obtained without a court order based on a finding that there is a substantial probability that plaintiff will prevail on the claim. But, this court has found that, as a state discovery and procedural law, California Civil Code Section 3295 conflicts with Federal Rule of Civil Procedure 26(b) as it establishes a discovery scheme fundamentally inconsistent with the discovery rules

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

under the Federal Rules of Civil Procedure. Id. at 286. See also Hamm v. American Home Products Corp., 888 F. Supp. 1037, 1038 (E.D. Cal.1995).

Thus, the financial information that plaintiffs seek is relevant to the claims in this action. The Court rejects defendant FPI's argument that the requests are premature. Discovery cut-off is November 30, 2006 and the issue of punitive damages has not been bifurcated. Defendant's casual request to bifurcate this damages issue is denied. Accordingly, defendant FPI's Motion for Protective Order is DENIED as to Request Nos. 13 and 14 and Interrogatory Nos. 9 and 11. Defendant FPI is ORDERED to provide further responses to Request Nos. 13 and 14 and Interrogatory Nos. 9 and 11 no later than the discovery cut-off date in this action.

### Interrogatory No. 12:

In this interrogatory, plaintiffs request that defendant FPI state the address of each piece of real property in which it has an ownership interest, and identify the nature of that interest and the appraised and present value of defendant's equity interest in the property.

For the same reasons stated above in connection with Interrogatory Nos. 9 and 11, defendant FPI's Motion for Protective Order is DENIED. Defendant FPI is ORDERED to provide further responses to Interrogatory No. 12 no later than the discovery cut-off date in this action.

cc: Parties

Initials of Deputy Clerk